**Kevin WEST, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 2010–CA–001477–MR.**

Court of Appeals of Kentucky.

Jan. 20, 2012.

Harry P. Hellings, Jr., Covington, KY, for appellant.

Jack Conway, Attorney General of Kentucky, M. Brandon Roberts, Assistant Attorney General, Frankfort, KY, for appellee.

Before CLAYTON, STUMBO and THOMPSON, Judges.

## OPINION

CLAYTON, Judge:

Kevin West appeals from a Campbell Circuit Court judgment entered upon a conditional guilty plea convicting him of one count of first-degree possession of a controlled substance, first offense. Because we agree with West that his Fourth Amendment rights were violated when a police officer asked him to step from his car following a routine traffic stop, we vacate the judgment of conviction and remand for further proceedings consistent with this opinion.

The facts of this case are not disputed. On January 28, 2010, Officer John Dunn of the Newport Police Department was patrolling the southbound lanes of Interstate 471 in Campbell County when he spotted a Toyota Camry with expired license tags. He initiated a stop of the vehicle. When Officer Dunn approached the car, he saw three occupants: the driver, Kevin West, who was wearing a work uniform; the front seat passenger, who was wearing "dressier" clothes; and a female passenger in the back seat, who was wearing a nightgown. He asked for their identification and also inquired where they were coming from. The female passenger told him they were coming from the Victoria Square area of Newport. Officer Dunn knew this information to be false because he had observed the Camry coming across the bridge from Cincinnati. He also thought it was odd that the female passenger, rather than the driver, answered most of his questions.

Officer Dunn then returned to his car for a few minutes to run a check on West and his passengers. During this period Officer Dunn also called for backup. After dispatch informed him that there were no outstanding warrants or other problems, Officer Dunn returned to the Camry and asked West to step out. According to Officer Dunn, he asked West to get out of the car because the situation did not seem normal, he was "just curious," and "just wanted to see what was going on." Officer Dunn then asked West whether he had guns or anything else on his person that might be illegal. West replied that he had some pills in his pocket. When Officer Dunn asked him what kind of pills they were, West replied that they were Percocets. Officer Dunn removed a bag containing nine and one-half pills from West's pocket.

West was indicted on one count of first-degree possession of a controlled substance, first offense. He filed a motion to suppress the evidence, arguing that Officer Dunn had no probable cause or reasonable suspicion to justify asking West to step out of the car. The trial court held a suppression hearing, at which Officer Dunn was the only witness. The trial court found Officer Dunn's request was justifiable on two grounds: (1) that West's action in getting out of the car was voluntary and consensual, and (2) that Officer Dunn had a reasonable, articulable suspicion of criminal activity. West entered a guilty plea conditioned on his right to appeal the denial of the suppression motion. He was sentenced to five years of imprisonment, probated for five years, on the condition that he serve ninety days in jail. This appeal followed.

"When reviewing an order on a motion to suppress, the trial court's findings of fact are 'conclusive' if they are 'supported by substantial evidence.'" *Owens v. Commonwealth*, 291 S.W.3d 704, 707 (Ky.2009), citing Kentucky Rules of Criminal Procedure (RCr) 9.78. Because the facts are not in dispute in this case, we

review "de novo the trial court's application of the law to those facts to determine whether its decision is correct as a matter of law." *Id.*

West does not dispute that the initial traffic stop by Officer Dunn was lawful. He contends that the violation of his Fourth Amendment right to be free from unreasonable searches and seizures occurred when Officer Dunn asked him to step from the vehicle, after ascertaining that there were no warrants or other problems relating to West and his passengers. West argues that the reasons Officer Dunn proffered for making the request—that he was curious, that the passengers' attire was unusual, that West's female passenger did most of the talking and lied about where they were coming from—were insufficient to create probable cause or a reasonable suspicion. He further argues that the trial court erred in finding that he voluntarily consented to leave the vehicle because any reasonable person under the circumstances would not feel free to refuse the officer's request.

The United States Supreme Court has held that "once a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle without violating the Fourth Amendment's proscription of unreasonable searches and seizures." *Pennsylvania v. Mimms,* 434 U.S. 106, 111, n. 6, 98 S.Ct. 330, 333, 54 L.Ed.2d 331 (1977). The justification for such an intrusion is to minimize the risk of assault confronting an officer when he or she approaches a person seated in an automobile, and also to minimize the risk of injury to the officer from moving traffic while standing on the driver's side of the vehicle during a stop. *Id.* Thus, West's Fourth Amendment rights would not have been violated if, as a safety precaution, Officer Dunn had requested that he step from the vehicle while

he checked West and his passengers' identification.

The question is whether the subsequent detention of West, after Officer Dunn had ascertained that there were no outstanding warrants, was "reasonably related in scope to the circumstances that justified the interference in the first place." *Epps v. Commonwealth,* 295 S.W.3d 807, 812 (Ky. 2009) (citations omitted).

> "We have held that [a]n ordinary traffic stop ... is more akin to an investigative detention rather than a custodial arrest, and the principles announced in *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), apply to define the scope of reasonable police conduct." Thus, "any subsequent detention after the initial stop must not be excessively intrusive in that the officer's actions must be reasonably related in scope to circumstances justifying the initial interference." Once the purpose of the initial traffic stop is completed, an officer cannot further detain the vehicle or its occupants unless something happened *during the stop* to cause the officer to have a "reasonable and articulable suspicion that criminal activity [is] afoot."

*U.S. v. Davis,* 430 F.3d 345, 353 (6th Cir. 2005) (citations omitted).

When Officer Dunn asked West to step out of the car, he had already ascertained that there were no warrants or other problems relating to West and his passengers. He had observed no new behavior or learned any new facts in addition to what he had noted during the course of the stop. His motive, which he described as curiosity to see what was going on, did not give rise to a reasonable and articulable suspicion of criminal activity to justify asking West to step out of the car.

The judgment of the Campbell Circuit Court is therefore vacated and the case is

remanded for further proceedings in accordance with this opinion.

ALL CONCUR.